IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BERNARD McKINLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 14-cv-01137-NJR |
| | ) |
| JOSHUA SCHOENBECK | ) |
| and L. PHELPS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for case management. On October 22, 2014, following entry of a Memorandum and Order on the same day in *McKinley v. Lang*, Case No. 13-cv-00937-MJR-SCW ("original case") (Doc. 2, severed case), this action was severed from the original case. The severed case addresses Plaintiff's claims that: (1) Defendant Phelps and Schoenbeck retaliated against Plaintiff for providing negative answers to their questions and for his religious beliefs, by placing him in segregation (Count 2, original case); (2) Defendant Phelps and Schoenbeck retaliated against Plaintiff for filing this lawsuit by placing him in administrative segregation, using excessive force against him, and thwarting his plans to marry (Count 3, original case); and (3) Defendant Phelps and Schoenbeck subjected Plaintiff to unconstitutional conditions of confinement (Count 4, original case) (Doc. 2, pp. 6-7). A motion for injunctive relief (Doc. 4) was also filed in this action at the time the severed case was opened.

Plaintiff was directed to notify the Court by November 21, 2014, if he did not wish to proceed with this severed case and also wanted to avoid incurring a $350.00[1] filing fee for this action. Alternatively, Plaintiff was ordered to file a properly completed motion for leave to proceed *in forma pauperis* ("IFP motion") and a properly amended complaint, if he intended to proceed with the severed case (Doc. 2, pp. 9-10). A decision on Plaintiff's motion for injunctive relief (Doc. 4) was held in abeyance pending the Court's receipt of these documents (Doc. 7). On November 6, 2014, Plaintiff filed both an IFP motion (Doc. 9) and an amended complaint (Doc. 8).

The amended complaint (Doc. 8) complies with the requirements for the pleading that were set forth by the Court in its Memorandum and Order dated October 22, 2014 (Doc. 2). Consistent with that Order, Plaintiff has named Schoenbeck and Phelps as the only defendants who are subject to suit in the severed case. In addition, Plaintiff has included (almost verbatim) those allegations offered in support of Counts 2, 3, and 4 in the original case. He has also incorporated into the amended complaint allegations that are set forth in the motion for injunctive relief (Doc. 4) and merely expand the scope of his retaliation claims to include conduct occurring through October 1, 2014.

In the Memorandum and Order dated October 22, 2014, the Court already analyzed these claims under 28 U.S.C. § 1915A (Doc. 2) and allowed Plaintiff to proceed with all three claims against Defendants. Given the virtually identical allegations offered in support of each claim in

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted leave to proceed *in forma pauperis*, however, is exempt from paying the new $50.00 fee. Plaintiff has been granted IFP status (Doc. 11) and is therefore not obligated to pay the additional $50.00 administrative fee.

the amended complaint, the Court will not repeat the same analysis here.[2] Instead, the Court fully incorporates its prior analysis of each claim by reference herein (Doc. 2). Plaintiff shall be allowed to proceed with Counts 2, 3, and 4 against Defendants Schoenbeck and Phelps at this time. Accordingly, service on these defendants shall be ordered.

**Motion for Injunctive Relief**

The motion for injunctive relief shall be denied without prejudice. Plaintiff filed the motion (Doc. 4), along with a supplemental memorandum of law (Doc. 3), in the original case. Because the motion focuses entirely on Plaintiff's retaliation claims, the Court denied the motion as moot in the original case (*i.e.*, a case that addresses a claim of deliberate indifference to medical needs) and filed it with this severed case. The Court held a decision on the motion in abeyance, until Plaintiff filed his IFP motion and amended complaint. Because he has now done so, Plaintiff's motion for injunctive relief is ripe for review by this Court.

In the motion, Plaintiff seeks a preliminary injunction the prohibits Defendant Phelps and Schoenbeck, as well as all other internal affairs and intelligence officers, from "harassing, physically assaulting and retaliating against McKinley" (Doc. 3, p. 2). In support of his request for interim relief, Plaintiff focuses on a single incident that occurred on October 1, 2014 (Docs. 3-4). While seated on a bench with his hands cuffed behind his back, Defendant Phelps "confronted plaintiff[,] trying to entice him to react in a negative way" by "repeatedly push[ing] plaintiff" until his body "move[d] in an unwilling manner" (Doc. 3, p. 1). When plaintiff ignored Defendant Phelps, he walked away, telling another officer that Plaintiff is "a bi*tch" (Docs. 3, p. 1; 4, p. 1). Plaintiff claims that this conduct demonstrates that the acts of retaliation against

---

[2] The amended complaint (Doc. 8) simply excludes those allegations offered in support of Count 1 in the original case, which is an Eighth Amendment deliberate indifference to medical needs claim that was allowed to proceed against Defendant Lang.

him have escalated into physical abuse (Doc. 4, p. 1).  For this reason, he seeks preliminary injunctive relief against Defendants and many others.

In order to obtain preliminary injunctive relief, whether through a temporary restraining order or a preliminary injunction, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) Plaintiff will suffer irreparable harm without the injunction.  *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007).  If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction.  *Id*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Plaintiff focuses on a single incident of pushing by Defendant Phelps.  He asks this Court to issue a broadly-worded injunction against this defendant, Defendant Schoenbeck, and all internal affairs and intelligence officers.  But this single incident does not warrant such broad relief.  In fact, the Court is not persuaded that injunctive relief is warranted at this time against Defendant Phelps.  Plaintiff describes "pushing" that caused his body to move in an "unwilling manner" (Doc. 3, p. 1).  The Court simply cannot determine how serious this incident was, based on this description.  Further, Defendant Phelps stopped when Plaintiff ignored him.  He did not threaten further physical contact, and Plaintiff has not alleged that any occurred.  Although deplorable, Defendant Phelps's name-calling, particularly one incident of it, is not actionable.  *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (Standing alone, "[t]he use of derogatory language, while unprofessional and deplorable," is not enough to violate the Constitution.).

Finally, despite filing an amended complaint a month after the motion for injunctive relief, no further incidents are mentioned. Under the circumstances, the motion for injunctive relief (Doc. 4) shall be denied. However, the denial is without prejudice to Plaintiff bringing another motion, at any time it becomes necessary to do so.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's motion for injunctive relief (Doc. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **SCHOENBECK** and **PHELPS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 8), the Memorandum and Order (Doc. 2), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is

entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: November 10, 2014**

                                                                       _____
                                                                         **NANCY J. ROSENSTENGEL**
                                                                         **United States District Judge**