IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BERNARD MCKINLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-1137-NJR-DGW |
| ) | |
| JOSHUA SCHOENBECK and LANCE ) | |
| PHELPS, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that Defendants' Motion for Summary (Doc. 22) be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Bernard McKinley, an inmate in the custody of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 against Defendant correctional officers Joshua Schoenbeck and Lance Phelps for violating his constitutional rights. Plaintiff claims that from approximately July, 2012 to October, 2014, Defendants retaliated against him due to his religious beliefs and because he was unable to assist in an internal affairs investigation. Following the

Court's screening of Plaintiff's complaint, he was allowed to proceed on the following counts:

> Count 1: Claim of retaliation against Defendants for their placing Plaintiff in segregation due to his failure to provide information related to an internal affairs investigation and for his religious beliefs.
>
> Count 2: Claim of retaliation against Defendants for their placing Plaintiff in administrative detention, using excessive force against him (Phelps only), and preventing him from marrying (Schoenbeck only) for his filing of this lawsuit.
>
> Count 3: Unconstitutional conditions of confinement claim against Defendants Phelps and Schoenbeck for failing to address the unsavory conditions of his cell.

On March 20, 2015, Defendants filed a motion for summary judgment (Doc. 22) arguing that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Based on the affidavit of Leslie McCarty, a chairperson for the Administrative Review Board ("ARB"), Defendants contend that the ARB only received eight properly exhausted grievances during the time period at issue in this lawsuit, none of which exhaust count two against Defendant Phelps for his alleged use of excessive force, count three against Defendant Phelps related to conditions of confinement, or any claim brought against Defendant Schoenbeck. Plaintiff filed his timely response to Defendants' motion on April 8, 2015 (Doc. 24). In his response, Plaintiff makes two primary arguments. First, Plaintiff argues that the Menard grievance policy does not require inmates to allege factual details, including the names of individuals involved in the incident being complained of, in their grievances. Second, Plaintiff argues that the actual practice with regard to the prison grievance system diverges from the formal written procedure.

After a review of the grievances submitted in support of Defendants' motion for summary judgment and Plaintiff's response, the Court finds that four grievances, dated February 1, 2013, November 7, 2012, April 19, 2014, and October 1, 2014 are relevant to the question of

exhaustion and will be discussed in greater detail, as set forth below.

1. *Grievance Dated February 1, 2013*

In this grievance, Plaintiff complains about the conditions of his cell (Doc. 23-1, pp. 15-18). Specifically, Plaintiff explains that he has no hot water or heat and he has been exposed to unsanitary living conditions as he has no cleaning supplies and rodents come in and out of his cell. Plaintiff avers that he had previously grieved about these conditions, but to no avail. Plaintiff's counselor responded to this grievance on February 4, 2013 and it was subsequently received by the grievance officer on February 21, 2013. The grievance officer responded on April 15, 2013 and the chief administrative officer ("CAO") concurred with the grievance officer's response on April 17, 2013. Plaintiff appealed the decision to the ARB, which received the grievance on April 26, 2013 and issued its response on January 6, 2014.

2. *Grievance Dated November 7, 2012[1]*

In this grievance, Plaintiff complains about being placed in segregation and administrative detention because of his inability to assist intelligence officers in an investigation that he had no knowledge of (Doc. 23-1, pp. 39-42). Plaintiff specifically complains about an incident that occurred on November 7, 2013, wherein he was interviewed by Defendant Phelps regarding an internal investigation and asked about his pending lawsuit. Plaintiff specifically complains that he was "continuously put into segregation during the year of 2012, and ultimately put into administrative detention" because he had no knowledge to give "intel officers" regarding an accusation that he is a leader for a security threat group, an accusation Plaintiff flatly denies.

---

[1] This grievance is dated November 7, 2012; however, it complains of an incident occurring on November 7, 2013. Accordingly, the Court finds that Plaintiff inadvertently back-dated this grievance by one year and the correct date of filing is November 7, 2013.

Page **3** of **13**

This grievance was received and responded to by Plaintiff's counselor on November 27, 2013. It was then received by the grievance officer on the same date and reviewed on December 30, 2013. The CAO concurred in the grievance officer's response on January 2, 2014, and Plaintiff appealed the decision to the ARB on January 3, 2014. The ARB received this grievance on January 30, 2014 and responded on July 11, 2014.

### 3. *Grievance Dated April 19, 2014*

In this grievance, Plaintiff complains that on April 17, 2014 he was removed from the administrative detention step down program for retaliatory reasons (Doc. 23-1, pp. 43-46). Specifically, Plaintiff complains that this event is part of ongoing harassment and retaliation he has experienced since July, 2012 from internal affairs and "intel officers". Plaintiff's counselor responded to this grievance on April 30, 2014 and it was subsequently reviewed by the grievance officer on June 17, 2014. The CAO concurred in the grievance officer's response on June 20, 2014, and Plaintiff appealed the decision to the ARB on June 26, 2014. The ARB received this grievance on July 3, 2014 and responded on December 30, 2014.

### 4. *Grievance Dated October 1, 2014*

In this grievance, Plaintiff complains of events taking place on October 1, 2014 involving Defendant Phelps (Doc. 24-2, pp. 22-23). Specifically, Plaintiff relays that while sitting on a bench in the health care unit Defendant Phelps approached him in a provoking and harassing manner, mocking him because he was still in administrative detention. Plaintiff states that Defendant Phelps reached out his hand and repeatedly hit Plaintiff's shoulder and back in order to provoke him. Plaintiff's counselor received this grievance on October 10, 2014 and responded on October 16, 2014 with the explanation that he had contacted internal affairs, but the

allegations were not verified. There is no other documentation concerning this grievance.

### *Pavey Hearing*

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on April 30, 2015. At the hearing, the Court heard argument on Plaintiff's relevant grievances mentioned above. With regard to Plaintiff's grievances dated November 7, 2012 and April 19, 2014, Defendants argued that Plaintiff's reference to "intel officers" is insufficient to derive that Defendant Schoenbeck was involved in the incidents complained of and, as such, does not exhaust as to the claims against him. Defendants also argued that Plaintiff's contention regarding the Menard Prison Handbook is not persuasive, as the grievance section in the handbook specifically references Section 504 (meaning Section 504 of the Illinois Administrative Code), indicating that an inmate should go review that section for more information on proper grievance procedure.

Defendants also argued that Plaintiff's April 19, 2014 grievance is not sufficient to exhaust Plaintiff's retaliation claim against Defendant Schoenbeck related to his alleged hindrance of Plaintiff's marriage as it was not specifically addressed by Plaintiff. Defendants acknowledged that in this grievance Plaintiff complained about being taken out of the administrative detention step-down program, but argued that this complaint does not implicate his claim regarding his inability to marry. Plaintiff responded, arguing that his complaints in this grievance are related to his inability to get married because he needed to be out of administrative detention one full year before he could get married, and his removal from the step-down program thwarted his ability to be moved out of administrative detention and marry.

With regard to his grievance dated October 1, 2014, Plaintiff testified that he filed it

within the sixty day timeframe and, after receiving his counselor's response, he sent it to the grievance officer. Approximately one month later, the grievance officer returned the grievance to Plaintiff without a response. Plaintiff indicated that Section 504 of the Illinois Administrative Code does not outline a procedure for handling such a situation, so he wrote a letter to the grievance officer via institutional mail asking how to address this issue. Plaintiff explained that he never received a response to his letter. Defendant argued that Plaintiff could have filed another grievance complaining about this issue, but, to their knowledge, no such grievance was filed.

With regard to Plaintiff's grievance dated February 1, 2013, Plaintiff conceded that while he did not name the individual Defendants or mention "intel officers", he did complain about institutional personnel and marked the grievance as having to do with staff conduct. Plaintiff further argued that the Chairperson from the ARB admitted that this grievance was exhausted and if he needed to be clearer regarding the individual whose conduct was at issue, it should not have been decided on the merits.

## CONCLUSIONS OF LAW

### 1. *Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in

genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

### 2. *Exhaustion Requirements under the PLRA*

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See*

*Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

### 3. *Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b). The grievance form shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of the complaint. *Id.* § 504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed, where reasonably feasible under the circumstances. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing

within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the Administrative Review Board. *See Id.* The Administrative Review Board shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id.* § 504.850(f).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840. If, after receiving a response from the CAO, an offender feels that the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id.* § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v.*

*Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

### *4. Discussion*

Based on the evidence adduced and arguments made at the hearing, it is recommended that the Court find Plaintiff exhausted his administrative remedies, as to all claims against each Defendant, prior to filing this lawsuit.

There is no dispute that Plaintiff's grievances dated November 7, 2012 and April 19, 2014 were fully exhausted. The issue before the Court is whether Plaintiff's reference to "intel officers" is sufficient to exhaust his claims in counts one and two against Defendant Schoenbeck. Although the Court is mindful that Section 504.810(b) of the Illinois Administrative Code directs that grievances "shall contain factual details regarding each aspect of the offender's complaint, including … the name of each person who is the subject of or who is otherwise involved in the complaint," it "does not preclude an offender from filing a grievance when the names of individuals are not known" so long as the inmate includes descriptive information about the individual. In this instance, Plaintiff complains about "intel officers" in his grievances. Defendants have presented no evidence regarding how many intelligence officers were employed at Menard on the dates the grievances were filed. As such, the Court is unaware of whether this description could readily identify Defendant Schoenbeck or if there are a number of other individuals who fit this description. As it is Defendants' burden to establish there are no genuine issues of material fact in order to obtain judgment as a matter of law, it appears that Defendants have failed to meet their burden in this instance. Moreover, the naming requirement is not

absolute. *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011). In *Maddox v. Love*, the plaintiff filed a grievance asserting a denial of his religious fellowship, but failed to name a single defendant in the grievance. *Id.* at 712. However, the prison never informed the plaintiff that the grievance was procedurally deficient and addressed the plaintiff's complaint on the merits at every stage. *Id.* at 721-22. The Seventh Circuit found that because the prison had addressed the plaintiff's grievance on the merits without regards to its procedural deficiency, it could not later rely on this defect to support a failure to exhaust defense. *Id.* Similar circumstances exist in this case. Plaintiff's November 7, 2012 and April 19, 2014 grievances were addressed on the merits at every stage in the administrative process, with no regard to any procedural deficiency. As such, based on the holding in *Maddox*, any argument that Plaintiff's grievance was procedurally deficient in failing to specifically name an individual is without merit. Accordingly, the Court finds that Plaintiff's grievances dated November 7, 2012 and April 19, 2014 are sufficient to exhaust his claims against Defendant Schoenbeck in counts one and two. The Court also rejects Defendant Schoenbeck's argument that Plaintiff's grievance dated April 19, 2014 is insufficient to exhaust his retaliation claim against Defendant Schoenbeck for thwarting his ability to marry. Although Plaintiff does not specifically complain about not being able to marry, this grievance clearly complains about being removed from the administrative detention step-down program, an act that has the attendant consequence of hindering Plaintiff's ability to marry.

With regard to his attempts to exhaust his administrative remedies for his October 1, 2014 grievance wherein Plaintiff complains about incidents related to count two against Defendant Phelps for excessive force, the Court finds Plaintiff's assertions credible. At the hearing, Plaintiff articulated that he submitted this grievance to his counselor and, after receiving

his counselor's response, sent this grievance to the grievance officer for review. After approximately one month, Plaintiff received the grievance back without a response. Defendants have proffered no evidence to contradict Plaintiff's assertions and, after hearing Plaintiff's testimony regarding the efforts he undertook to exhaust this grievance, the Court finds that his efforts were thwarted and, as such, the grievance process was "unavailable" to him. Accordingly, Plaintiff's claim against Defendant Phelps for using excessive force in a retaliatory manner should be found to be exhausted.

Finally, with regard to Plaintiff's grievance dated February 1, 2013 related to count three of this lawsuit, the Court finds that this grievance sufficiently exhausted Plaintiff's claim although Plaintiff did not specifically identify or name Defendants Phelps or Schoenbeck. As mentioned above, while the Illinois Administrative Code requires that a grievance "contain factual details regarding each aspect of the offender's complaint, including … the name of each person who is the subject of or who is otherwise involved in the complaint … [or] as much descriptive information about the individual as possible", the naming requirement is not absolute. ILL. ADMIN. CODE TIT. 20 § 504.810(b); *Maddox v. Love*, 655 F.3d at 721-22. The Seventh Circuit held in *Maddox v. Love* that when a prison addresses a plaintiff's grievance on the merits without regards to any procedural deficiency (i.e. failing to name any particular individual), it could not later rely on this defect to support a failure to exhaust defense. *Maddox*, 655 F.3d at 721-22. In this instance, Plaintiff's grievance was addressed on the merits at every stage in the administrative process and Plaintiff was never informed of any procedural deficiency. Accordingly, the Court finds that Plaintiff sufficiently exhausted his administrative remedies for his February 1, 2013 grievance.

## RECOMMENDATIONS

Based on the foregoing, it is hereby **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants Phelps and Schoenbeck (Doc. 22) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 30, 2015**

                                               **DONALD G. WILKERSON**
                                               **United States Magistrate Judge**