IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BERNARD MCKINLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-1137-NJR-DGW |
| | ) |
| JOSHUA SCHOENBECK and LANCE PHELPS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 38), which recommends denial of the Motion for Summary Judgment filed on March 20, 2015, by Defendants Joshua Schoenbeck and Lance Phelps.

Plaintiff Bernard McKinley, an inmate in the Illinois Department of Corrections, filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff complains that Defendant Phelps and Schoenbeck retaliated against Plaintiff for various reasons and subjected him to unconstitutional conditions of confinement. The Court conducted a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, and the following three claims against Defendants Schoenbeck and Phelps survived (Doc. 12).

> Count 1: Claim of retaliation against Defendants for their placing Plaintiff in segregation due to his failure to provide information related to an internal affairs investigation and for his religious beliefs.
>
> Count 2: Claim of retaliation against Defendants for their placing Plaintiff

in administrative detention, using excessive force against him (Phelps only), and preventing him from marrying (Schoenbeck only) for his filing of this lawsuit.

Count 3: Unconstitutional conditions of confinement claim against Defendants Phelps and Schoenbeck for failing to address the unsavory conditions of his cell.

Defendants moved for summary judgment on March 20, 2015, arguing that Plaintiff failed to exhaust his administrative remedies as to (1) all three claims against Defendant Schoenbeck, and (2) Plaintiff's excessive force and unconstitutional conditions of confinement claims against Defendant Phelps. Plaintiff filed his response in opposition to the motion for summary judgment on April 8, 2015 (Doc. 24). On April 30, 2015, as required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Defendants' motion. On June 30, 2015, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 38). Objections to the Report and Recommendation were due on or before July 17, 2015. *See* 28 U.S.C. § 626(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear

error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs and exhibits submitted by the parties, as well as Magistrate Judge Wilkerson's Report and Recommendation. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson and adopts the Report and Recommendation in its entirety.

Plaintiff's reference to "intel officer" within the November 7, 2012 and April 19, 2014 grievances is sufficient to exhaust his claims in counts one and two against Defendant Schoenbeck. Further, Plaintiff's claim within count two against Defendant Phelps for using excessive force in a retaliatory manner is considered exhausted because the grievance process was unavailable to Plaintiff, as Plaintiff never received a response to his October 1, 2014 grievance. Finally, although Plaintiff did not name either defendant in his February 1, 2013 grievance related to his unconstitutional conditions of confinement claim within count three, this grievance was addressed on the merits and not rejected on procedural grounds, and thus Plaintiff sufficiently exhausted his administrative remedies as to count three. *See Maddox v. Love*, 655 F.3d 709, 721-722 (7th Cir. 2011) ("Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and the defendants cannot rely on the failure to exhaust defense").

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and

Recommendation (Doc. 38), and **DENIES** Defendants' Motion for Summary Judgment (Doc. 22).

IT IS SO ORDERED.

DATED: September 4, 2015

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**
