IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BERNARD MCKINLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:14-cv-1137-NJR-DGW |
| JOSHUA SCHOENBECK, et al., | ) |
| Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for an Order Compelling Discovery (Doc. 52), the Motion for Summons to be Formally Served upon Defendant J. Lashbrooks (Doc. 53), and the Motion for Extension of Time (Doc. 54), filed by Plaintiff, Bernard McKinley.

**PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY (DOC. 52)**

In this motion, Plaintiff asks the Court to order Defendant Lance Phelps to respond to his second request for production of documents initially served on July 17, 2015. Plaintiff also asks the Court to order Defendant Phelps to provide complete responses to his first request for production of documents.

With regard to Plaintiff's second request for production of documents, Defendant Phelps asserts that due to an administrative error there was a delay in providing his responses. However, Defendant contends that his responses have been sent to Plaintiff. As such, the Court need not order Defendant to comply.

With regard to Plaintiff's complaints about Defendant's response to his first request for production of documents, Plaintiff complains in particular about Defendant's failure to provide the

investigative confinement tickets that resulted in Plaintiff being held in temporary segregation in July, August, and September of 2012. Plaintiff also complains that Defendant failed to produce the investigative/interrogation files created in October, 2012 and November, 2013 when personally interviewed by intelligence and internal affairs officers. Defendant contends that the investigative confinement tickets referenced by Plaintiff have not been located and, if they are located, they will be provided to Plaintiff. Based on Defendant's representation, there is no need to order Defendant to produce documents that he does not have possession of. With respect to the investigative/interrogation files created in October, 2012 and November, 2013, Defendant again asserts that no such documents have been located. Based on Defendant's representation, the Court will not compel Defendant to produce documents that he is not in possession of. Accordingly, Plaintiff's Motion to Compel (Doc. 52) is **DENIED**.

### PLAINTIFF'S MOTION FOR SUMMONS TO BE FORMALLY SERVED UPON DEFENDANT J. LASHBROOKS (DOC. 53)

In this motion, Plaintiff asks the Court to take appropriate steps to effect formal service on Defendant J. Lashbrooks, as her waiver of service was not executed by August 5, 2015 (*see* Doc. 45). Although Defendant Lashbrooks did not return her waiver of service, Attorney Terra Peach has entered an appearance and filed an answer to Plaintiff's second amended complaint on behalf of this Defendant. Accordingly, the Court need not effect formal service on Defendant Lashbrooks. Plaintiff's Motion (Doc. 53) is **MOOT**.

### PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE PRE-TRIAL DISCOVERY AND REQUEST FOR ENLARGEMENT OF THE AMOUNT OF INTERROGATORIES AND REQUEST FOR ADMISSIONS (DOC. 54)

Plaintiff asks the Court to extend the deadlines in this matter to allow him enough time to complete discovery, in light of the time it took to resolve the issue of exhaustion and due to the

addition of new defendants. The discovery deadline in this matter is currently December 11, 2015. Plaintiff requests an extension of six months, up to and including June 11, 2016, to complete discovery. Plaintiff recognizes that such an extension of time will necessarily require extending the deadline for the filing of dispositive motions and resetting the final pretrial conference and trial dates. Defendant does not object to Plaintiff's request for extension of time. Plaintiff's Motion for Extension of Time (Doc. 54) is **GRANTED IN PART**. Good cause being shown, the Scheduling Order is **AMENDED** as follows:

1. Discovery shall be completed by **May 2, 2016**.
2. Dispositive motions shall be filed by **June 3, 2016**.

All other dates and deadlines remain unchanged.

Plaintiff also asks that the Court allow him to serve 25 interrogatories and 25 requests for admissions on Defendants Phelps and Schoenbeck. Defendants do not object to the enlargement of written discovery. Plaintiff's request for serve 25 interrogatories and 25 requests for admissions on Defendants Phelps and Schoenbeck is hereby **GRANTED**.

**IT IS SO ORDERED.**

**DATED: October 14, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**