IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BERNARD MCKINLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:14-cv-1137-NJR-DGW |
| JOSHUA SCHOENBECK, et al., | ) |
| Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for an Immediate Court Order filed by Plaintiff, Bernard McKinley,[1] on August 22, 2016 (Doc. 111). The motion is **DENIED**.

Plaintiff indicates that since he was moved to Stateville Correctional Center (which was on January 13, 2016 (Doc. 66)), he has not received "actual documents" filed by the Court and has only received the Notice of Electronic Filing ("NEF"). Thus, he claims that any Orders associated with NEFs, that are not wholly contained in the NEFs, are not being provided by officials at Stateville. Plaintiff requests an Order directing the law library personnel to provide him with the copy of written Orders and not just the NEFs.

Plaintiff filed a similar motion on May 9, 2016, indicating that he was not provided the Order associated with Document 81 (Doc. 86). In an Order dated August 10, 2016, this Court denied that motion (Doc. 107). In doing so, the Court found that "Plaintiff references the substance of the Court's order at Document 81. As such, it is apparent to the Court that Plaintiff

---

[1] Plaintiff's Complaint states that his name is "Benard McKinley"; however the docket sheet lists him as "Bernard McKinley." A review of the IDOC's webpage also lists him as "Bernard McKinley." As such, the docket sheet will not be changed in order to reflect the name that Plaintiff lists on his filings.

Page **1** of **2**

has already received a copy of this Order." In particular, Plaintiff referenced the rulings contained in Document 81 in a motion filed on May 6, 2016 (Doc. 85), a mere 3 days prior to complaining that he had not received Document 81.

In the current motion, Plaintiff states that he has received no separate Court Orders and has only received NEFs since January, 2016. This is patently false as demonstrated above. Plaintiff is nonetheless informed that the only Order of the Court, entered after Document 81, that contains a separate written document is Document 109, denying recruitment of counsel. Out of an abundance of caution, the Clerk of Court is directed to resend that Order to Plaintiff electronically and to also mail him a copy, by regular mail, along with this Order. Every other Order of the Court would only be contained on the NEF and would bear the caution: "THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED."[2]

Finally, this Court specifically declines to construe this motion as one for injunctive relief as argued by Defendants (Doc. 112).

**DATED: November 10, 2016**

　　　　　　　　　　　　　　　　　　　　　**DONALD G. WILKERSON**
　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

---

[2] Except for the Orders entered by Judge Rosenstengel on July 6, 2016 (Doc. 103) and August 17, 2016 (Doc. 100). While these Order are only contained in the NEF, they do not include this caution.